UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GWENEVERE FARHAT,**

    **Plaintiff,**

vs                                           Case No: 12-10864
                                                     Honorable Victoria A. Roberts

**MICHIGAN DEPARTMENT OF CORRECTIONS,
WOMEN'S HURON VALLEY CORRECTIONAL FACILITY,
HURON VALLEY MEN'S FACILITY, CAROL VALLIE,
MILLICENT WARREN, SUSAN DAVIS, JERRY FRASKE,
PHILLIP JENNICHES,**
**in their individual and official capacities,**

    **Defendants.**
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
IN PART AND HOLDING PART OF IT IN ABEYANCE**

**I.    INTRODUCTION**

    This matter is before the Court on Defendants' Motion to Dismiss (Doc. #16). Plaintiff sues various individuals, both in their official and individual capacities: Carol Vallie, Millicent Warren, Susan Davis, Jerry Fraske, and Phillip Jenniches. Plaintiff also sues the Michigan Department of Corrections ("MDOC"), Women's Huron Valley Correctional Facility, and Huron Valley Men's Facility ( "State Defendants").

    Plaintiff says Defendants discriminated against her because of her bariatric surgery and related disabilities, and retaliated against her for complaining about the discrimination and an unrelated theft.

1

The matter is fully briefed. The legal arguments and factual allegations are sufficiently set forth in motion papers; oral argument is unnecessary. The Court decides Defendants' motion on the briefs. *See* L.R. 7.1(f)(2).

The Court **GRANTS** Defendants' motion to dismiss in part and holds part of it in **ABEYANCE**.

## II.  BACKGROUND

The parties supply no facts in their briefs. The background here is from Plaintiff's Complaint and "Right to Sue" letter.

Plaintiff was a corrections officer at Huron Valley Men's Facility which closed and later became Women's Huron Valley Correctional Facility. Plaintiff had bariatric surgery on February 15, 2008, and returned to work on April 14, 2008. On May 21, 2008, she submitted her doctor's request for accommodation on her behalf. Plaintiff alleges Defendant Davis denied her request, Defendant Vallie refused to permit reasonable accommodation, and Defendant Jenniches, her immediate supervisor, removed her from the overtime schedule. On April 29, 2009, Plaintiff filed a charge of discrimination with the Michigan Department of Civil Rights and the Equal Opportunity Employment Commission ("EEOC").

Plaintiff was on medical leave again from January 11, 2010, until May 1, 2010, due to anxiety and depression. Her doctor informed Defendants in April that she would need to avoid stairs and sit down at will when she returned to work due to knee problems . Plaintiff alleges that before she returned, Defendants told her the restrictions would be honored. However, when she returned to work on May 1, she alleges that she

was placed in a unit requiring physical demands she could not meet.  She returned on May 2nd but, on May 3, 2010, Plaintiff was sent home again.  She asserts Defendants Warren and Fraske terminated her.

On December 1, 2011, the Department of Justice issued Plaintiff a "Right to Sue" letter.  On February 27, 2012, Plaintiff filed her complaint in this Court based on 28 U.S.C. § 1331 and 28 U.S.C. § 1332 .

Throughout Plaintiff's career, she filed internal grievances, made numerous complaints with the EEOC, and made complaints about a corrections facility captain stealing money from the "employee club."  Defendants were aware of the complaints.

Plaintiff asserts five claims against all Defendants: (1) Count 1- Violation of Title I: Americans with Disabilities Act of 1990 ("ADA"); (2) Count II- Violation of Title VII; (3) Count III- Violation of the Michigan Persons with Disabilities Civil Rights Act: Disability Discrimination; (4) Count IV-Violation of the Michigan Persons with Disabilities Civil Rights Act: Retaliation; (5) Count V- 42 U.S.C. § 1983: Violation of the First Amendment of the United States Constitution.

In their motion to dismiss, Defendants assert that: (1) the State Defendants and those individuals sued in their official capacities have Eleventh Amendment immunity against ADA claims brought in federal court. They also contend there is no individual liability for ADA claims brought against Defendants in their individual capacity (Count I); (2) Disability discrimination is not a cognizable claim under Title VII (Count II); (3) The State Defendants and Defendants sued in the their official capacity have Eleventh Amendment immunity against the Michigan Persons with Disabilities Civil Rights Act in federal court (Count III and IV); (4) The State Defendants and Defendants sued in their

3

official capacity have Eleventh Amendment immunity against 42 U.S.C. §1983 claims in federal court, and Plaintiff fails to state a claim under 42 U.S.C. § 1983 against Defendants sued in their individual capacity (Count V).

### III.  ANALYSIS

#### A.  Standard of Review

##### 1.  *Standard of Review under Fed. R. Civ. P. 12(b)(1)*

If a court lacks subject matter jurisdiction, dismissal is appropriate. Fed. R. Civ. P. 12(b)(1).  A motion under Fed. R. Civ. P. 12(b)(1) questioning subject matter jurisdiction must be considered before other challenges.  *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).

##### 2.  *Standard of Review under Fed. R. Civ. P. 12(b)(6)*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  The Court will grant a motion to dismiss under 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.  *G.M. Eng'rs and Assocs, Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990).  To overcome a Rule 12(b)(6) motion, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must do more than state conclusions or recite the elements of a cause of action. *Bell Atl. Corp.*, 550 U.S. at 555.

In ruling on this motion to dismiss, the Court considers the Complaint as well as documents referenced in the pleadings and central to Plaintiff's claims. *Tellabs, Inc.v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322-23 (2007).  These include Plaintiff's "Right to Sue" letter.

> **B.     Count I- Title I: Americans with Disabilities Act of 1990 ("the ADA"); Counts III and IV: Violation of the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"): Disability Discrimination (Count III) and Retaliation (Count IV)**
> **Counts I, III, and IV are barred by the Eleventh Amendment against State Defendants and Defendants sued in their official capacity. Count I, III, and IV against Defendants sued in their individual capacity are dismissed because there is no individual liability for these claims.**

Defendants assert that the Eleventh Amendment bars suit for ADA and PWDCRA claims against the State Defendants and those sued in their official capacity without Michigan's consent. And, Defendants say there is no individual liability for ADA claims. Plaintiff's only response is that her "Right to Sue" letter from the United States Department of Justice authorized her to sue and waived Michigan's Eleventh Amendment immunity.

The Eleventh Amendment states that "[t]he [j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Although the language of the Eleventh Amendment "applies only to suits against a State by citizens of another State," the Supreme Court "extended the Amendment's applicability to suits by citizens against their own States." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363

5

(2001). Private individuals may not sue states in federal court without consent. *Id.* The Eleventh Amendment bars lawsuits against states and their agencies unless the state consents to be sued or Congress abrogates immunity. *Alabama v. Pugh*, 438 U.S. 781-82 (1978); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The state must unequivocally express its consent. *Pennhurst,* 465 U.S. 89, 99 (1984).

The State of Michigan has not consented to be sued under the ADA in federal court, nor has Congress abrogated its immunity. Because Michigan has not waived its sovereign immunity by legislation or declaration, *See Abick v. State of Mich.*, 803 F.2d 874, 876-77 (6th Cir. 1986); *In re C.J. Rogers, Inc.*, 212 B.R. 265, 273 (E.D. Mich. 1997), Plaintiff cannot sue it.

Similarly, an official-capacity suit against a state official is against the state and is also barred by the Eleventh Amendment without waiver. *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009). Accordingly, Counts I, III, and IV fail against State Defendants and Defendants sued in their official capacity.

Neither "pendent jurisdiction[,] nor any other basis of jurisdiction, may override the Eleventh Amendment." *Pennhurst,* 465 U.S. at 121. Plaintiff's PWDCRA state law claims against State Defendants and Defendants sued in their official capacity fail for the same reason. *See Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981); *see also Jones v. Michigan Dept. of Corr.*, 1:09-CV-508, 2010 WL 3609384 (W.D. Mich. Sept. 10, 2010), at *4.

Finally with respect to these counts, Plaintiff contends that while the Eleventh Amendment may arguably bar suit against State Defendants and those sued in their official capacity, it does not bar suit for damages against Defendants in their individual

6

capacity. This argument is unavailing.

The ADA does not impose individual liability. *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). "Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases." *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). Supervisors are not liable as employers. *Platt v. Univ. of Mich.*, 2:09-CV-10886, 2010 WL 1286487 (E.D. Mich. Mar. 3, 2010), at *8, *report and recommendation adopted*, 09-10886, 2010 WL 1286479 (E.D. Mich. Mar. 31, 2010).

Defendants sued under the ADA in their individual capacity are not employers and have no individual liability. Instead, they are employees defined under the ADA as "individuals employed by an employer." *See* 42 U.S.C. § 12111.

The PWDCRA states that "an employer shall not 'discharge or otherwise discriminate against an individual because of disability." Mich. Comp. Laws § 37.1202. "[The Michigan Court of Appeals] and Michigan Supreme Court note that the [ADA] and the PWDCRA share the same purpose and use similar definitions and analyses." *Chiles v. Mach. Shop, Inc.*, 238 Mich. App. 462, 472 (1999). "[B]oth courts have relied on the ADA in interpreting the PWDCRA." *Id.* A court may look to the ADA to interpret the PWDCRA. *Chiles*, 238 Mich. App. at 472-73 (1999). "The Sixth Circuit held that supervisors are not 'employers'" liable under the ADA. *Dillon-Barber v. Regents of Univ. of Michigan*, 51 F. App'x 946, 948 (6th Cir. 2002). The ADA does not impose individual liability. *Lee*, 104 F. App'x at 493.

Count I, III, and IV fail in their entirety.

    **C.**    <u>**Count II- Violation of Title VII of the Civil Rights Act of 1964**</u>
**The Court dismisses Count II under Fed. R. Civ. P. 12(b)(6): "Disability discrimination" is not a protected category under Title VII of the Civil Rights Act of 1964.**

Title VII prohibits employment discrimination due to an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. It does not cover disabilities. In *McDonnell Douglas Corp. v. Green*, the Supreme Court set forth the framework for analyzing cases alleging workplace discrimination based on indirect evidence. *Hoskins v. Oakland County Sheriff's Dept.*, 227 F.3d 719, 731 (6th Cir. 2000); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). First and foremost, the plaintiff must demonstrate membership in the protected class. *Hoskins*, 227 F.3d at 731.

Plaintiff fails to claim membership in one of the protected classes according to the *McDonnell* framework. Because disability discrimination is not protected under Title VII, Count II fails.

    **D.**    <u>**Count V- Violation of 42 U.S.C. § 1983: First Amendment of the United States Constitution**</u>
**Plaintiff voluntarily dismisses her claim against State and Defendants sued in their official capacity. The Court dismisses claim against Defendants sued in their individual capacity because Plaintiff failed to allege sufficient facts that she was involved in constitutionally protected conduct.**

In her response, Plaintiff agrees to dismiss Count V against State Defendants and those sued in their official capacity.

However, Plaintiff says her Complaint against the Defendants in their individual capacity survives a Fed. R. Civ. P. 12(b)(6) motion. She alleges Defendants' retaliated against her because she filed a disability discrimination claim with the EEOC and

reported theft by a facilities captain from the "employee fund."

"To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege facts sufficient to support two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012).

If the plaintiff claims a violation of the First Amendment right of free speech, she must plead that "(1) [she] engaged in constitutionally protected conduct; (2) an adverse action was taken against [her] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by [her] protected conduct." *Id.*

> 1. *Plaintiff failed to allege facts sufficient to establish that she was involved in constitutionally protected conduct.*

"When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). "However, public employees do not forfeit all their First Amendment rights simply because they are employed by a state or municipality." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 540 (6th Cir. 2012). The Supreme Court requires that a plaintiff allege "(1) that her speech was made as a private citizen, rather than pursuant to her official duties; (2) that her speech involved a matter of public concern; and (3) that her interest as a citizen in speaking on the matter outweighed the state's interest, as an employer." *Id.*

In Count V, Plaintiff fails to allege activities of constitutionally protected speech.

Drawing all inferences in favor of the plaintiff, *Directv Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007), there are four paragraphs in the Complaint which suggest potential speech:

"21. Due to the Plaintiff's bariatric surgery, she **asked for the reasonable accommodation** of being permitted to bring in necessary food to her job site so she could eat as directed by her physician."

"27. Plaintiff **filed a Charge of Discrimination** with the Michigan Department of Civil Rights ("MDCR") and the Equal Employment Opportunity Commission ("EEOC") on or about April 29, 2009 alleging discrimination based on disability. (See Charge as Exhibit A). Plaintiff was issued a Right to Sue Letter on December 1, 2011, and timely filed this Complaint. (See Right to Sue Letter as Exhibit B)."

"42. Also, prior to Plaintiff's termination in 2010, she had **made complaints** about a corrections facility captain stealing money from the "employee club" of which Defendants were aware."

"43. In fact, throughout Plaintiff's career, she **made numerous complaints** with the EEOC and internal grievances, of which Defendants knew."

### a. *Plaintiff did not allege facts sufficient to establish that she spoke as a "citizen."*

"[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes." *Garcetti*, 547 U.S. at 421. Relevant factors in considering whether the public employee is speaking as a "citizen" are "the setting of her speech, the speech's audience, and its general subject

matter." *Handy-Clay*, 695 F.3d at 540 (citing *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 546 (6th Cir.2007).

While Plaintiff alleges that she asked for reasonable accommodations, filed a charge of discrimination, and made complaints, she does not allege that she spoke as a citizen. She fails to state that her speech was not part of her official duty as a corrections officer.

### b. *Plaintiff failed to plead facts sufficient to establish that her speech was a matter of public concern.*

"Whether or not a plaintiff's speech touches on a matter of public concern is a question of law. In making this determination, we look to the 'content[,] form, and context of a given statement, as revealed by the whole record.'" *Handy-Clay*, 695 F.3d at 531 (internal citations omitted). "Speech touching on public concern includes speech on 'any matter of political, social, or other concern to the community.'" *Id.*; *Connick*, 461 U.S. at 146. The mere fact that public monies are related to the public employee's speech does not make it a matter of public concern. *Barnes v. McDowell*, 848 F.2d 725, 734 (6th Cir. 1988).

In considering whether Plaintiff's claim of disability discrimination is a matter of public concern, the Court must determine whether Plaintiff's EEOC filing and accommodation requests were made to make a statement in general about discrimination or if her career was the primary concern. *Cox v. Shelby State Cmty. Coll.*, 48 F. App'x 500, 508-09 (6th Cir. 2002). The relevant question is whether Plaintiff filed the action to promote her career or cause. *See id.* at 508 ("litigation to eliminate school segregation, clearly constitutes speech on a matter of public concern ... but the

legal action commenced by the plaintiff ... had been instituted 'to promote her career, not promote a cause'") Here, Plaintiff has not pled a set of facts that would allow the Court to determine whether Plaintiff was promoting her career or a cause. *Id.* at 508.

With respect to Plaintiff's speech concerning the employee funds, although the Court assumes the money that Plaintiff alleges the facilities captain stole from the "employee fund" came from more than one employee, Plaintiff did not allege it concerned any matter relevant to the community. *Compare Chappel v. Montgomery County Fire Prot. Dist. No. 1*, 131 F.3d 564, 579 (6th Cir. 1997) (county fire protection employee's complaint of alleged misappropriation of district funds was a matter of public concern), *with Connick*, 461 U.S. at 142 (majority of questionnaire prepared by employee to solicit views of fellow staff concerning transfer policy was only considered internal employee grievance and not public concern).

Plaintiff does not allege the money was taxpayer dollars or used for community services. *See e.g. Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205,* 391 U.S. 563, 571-72 (1968) (teacher's criticism of Board of Education's allocation of school funds and method of informing taxpayers was of public concern because it was needed for electorate to make informed decisions). Even if the money is considered public, its designation as public money alone does not make it matter of public interest. *Barnes*, 848 F.2d at 734.

Plaintiff failed to state a 42 U.S.C. § 1983 for violation of First Amendment Free Speech against Defendants sued in their individual capacity. Count V fails.

### E. <u>Leave to Amend</u>

Plaintiff requests leave to amend Count V against the Defendants sued in their

individual capacity, and to add a claim under the Rehabilitation Act under 29 U.S.C. § 794.

Fed. R. Civ. P. 15 "declares that leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court may deny leave to amend if an amendment is futile. *Id.* Local Rule 15.1 requires a motion to amend, along with a copy of the proposed amendment. L.R. 15.1.

### 1. *An added claim under the Rehabilitation Act Against Defendants sued in their individual capacity is futile.*

Under 29 U.S.C. § 794(a), the Rehabilitation Act prohibits any program or activity receiving federal assistance to discriminate against a qualified individual because of disability. 29 U.S.C.A. § 794. The statute defines a program or activity as

**(1)(A)** a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

**(B)** the entity of such State or local government that distributes such assistance and each such department or agency;

**(2)(A)** a college, university, or other postsecondary institution, or a public system of higher education; or

**(B)** a local educational agency (as defined in section 7801 of Title 20), system of vocational education, or other school system;

**(3)(A)** an entire corporation, partnership, or other private organization, or an entire sole proprietorship--

**(B)** the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation,

partnership, private organization, or sole proprietorship; or

**(4)** any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3)[.]

29 U.S.C. § 794.

Individuals are not included and do not qualify as a program or activity under the statute. *Kaufman v. Wolfenbarger*, 08-13762, 2008 WL 5244432 (E.D. Mich. Dec. 16, 2008), at *2.

Because there is no liability for individuals under the statute, leave to amend would be futile against Defendants sued in their individual capacity under the Rehabilitation Act. Plaintiff may have a claim against State Defendants and Defendants sued in their official capacity.

### 2. *Plaintiff must submit a motion and proposed complaint for the Court determine leave to amend.*

The Court will not decide whether Plaintiff may amend her First Amendment claim under 42 U.S.C. § 1983 against Defendants sued in their individual capacity or, if she can sufficiently state a claim against State Defendants and Defendants sued in their official capacity, until she files her motion and proposed complaint. Plaintiff must file her motion by December 20, 2012, and be mindful that Fed. R. Civ. P. 11 applies. Defendant has 21 days to file any opposition to Plaintiff's proposed amendment.

## IV. CONCLUSION

The Court dismisses Plaintiff's Complaint, but will allow Plaintiff to file a motion to amend Count V and to add a Rehabilitation Act claim against the State Defendants and Defendants sued in their official capacity.

Defendant's motion to dismiss is **GRANTED** in part and held in **ABEYANCE** in part.

**IT IS ORDERED.**

                                                /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: November 20, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 20, 2012.
>
> S/Linda Vertriest
> Deputy Clerk